IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **BARBARA DOSS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-2756-MSN-atc |
| | ) | |
| **CONNEXION POINT, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR DISABILITY-RELATED REASONABLE ACCOMODATION REQUEST; REPORT AND RECOMMENDATION TO GRANT MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENY MOTION FOR DEFAULT JUDGMENT**

Before the Court[1] are several motions. First is *pro se* Plaintiff Barbara Doss's motion for default judgment, filed April 25, 2023. (ECF No. 19.) On August 28, 2023, Defendant Connexion Point LLC ("Connexion Point") filed a motion to set aside entry of default (ECF No. 20)[2] and responded in opposition to the motion for default judgment (ECF No. 21). Doss responded in opposition to the motion to set aside default on November 15, 2023 (ECF Nos. 23,

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

[2] Doss claims that Connexion Point did not adequately consult with her before filing its motion to set aside the default. Connexion Point's certificate of consultation states that, on August 28, 2023, its counsel "consulted with Pro se Plaintiff Barabara Doss via telephone regarding the subject matter of this Motion. Ms. Doss advised that she opposes the relief requested in this Motion." (ECF No. 20, at 2.) Doss objects to this statement, claiming that counsel "merely inform[ed] her that he was going to file the motion." (ECF No. 25, at 2.)

If Doss's version of events is true, full consultation may not have occurred in this instance. Given the parties' relative positions on whether the default should be set aside, however, further consultation was unlikely to be fruitful on this issue. As such, the Court will consider Connexion Point's motion at this time.

24, 25), and Connexion Point filed, with leave of Court, a reply on December 21, 2023 (ECF No. 32). On January 4, 2024, Doss filed a series of documents directed towards Connexion Point's reply and the exhibits thereto, which amounts to a surreply filed without leave of Court.[3] (ECF Nos. 34, 35, 36.)

Also before the Court is Doss's motion for disability-related reasonable accommodations, filed December 15, 2023. (ECF No. 31.) Connexion Point responded to the motion on January 2, 2024. (ECF No. 33.) On January 19, 2024, Doss filed an "opposition" to Connexion Point's response, which amounts to a reply filed without leave of Court.[4] (ECF No. 37.)

For the reasons set forth below, it is recommended that Connexion Point's motion to set aside the Clerk's entry of default be GRANTED and Doss's motion for default judgment be DENIED. It is further ORDERED that Doss's motion for accommodations be DENIED.

## REPORT AND RECOMMENDATION

**I.     Proposed Findings of Fact**

On December 6, 2021, Doss filed a complaint using a Court-provided form against Connexion Point for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. (ECF No. 1.) Doss alleges that Connexion Point discriminated against her based on her race and disability by failing to accommodate her disability, subjecting her to retaliation, and terminating her employment. (*Id.*)

---

[3] Under Local Rule 7.2(c), any filing after a response may only be filed with leave of Court, except in certain circumstances not applicable here. The Court will consider Doss's unapproved filings for purposes of the rulings discussed herein, but she is cautioned that further filing of documents beyond what is permitted by the Local Rules may result in the Court disregarding such documents.

[4] As discussed above, the Court will consider this reply but may not, in the future, consider such filings filed without leave.

2

On June 21, 2022, the Court entered an order directing the U.S. Marshal Service to issue and effect service of process on Doss's behalf.  (ECF No. 8.)  The summons, addressed to Connexion Point's Memphis office, was returned as unexecuted on July 12, 2022.  (ECF No. 10.)  The Court granted Doss's motion to issue an alias summons on October 27, 2022.  (ECF No. 12.)  On November 28, 2022, Doss filed a proof of service stating that Connexion Point was served on November 17, 2022, and the summons was "left w/ receptionist Nora Perez."  (ECF No. 16, at 2.)  On April 25, 2023, Doss filed a motion for entry of default, as Connexion Point had not filed an answer or otherwise responded to the complaint.  (ECF No. 17.)  The same day, the Clerk entered default as to Connexion Point.  (ECF No. 18.)

**II.     Proposed Conclusions of Law**

Following the entry of default, Doss moves for default judgment "in the amount of $350,000 dollars plus interest from the date of judgment and costs."  (ECF No. 19.)  Connexion Point moves to set aside the entry of default, arguing that it was not properly served and that good cause excuses the default.  (ECF No. 20.)  For the reasons discussed below, it is recommended that the entry of default be set aside.  As such, it is further recommended that Doss's motion for default judgment be denied.

     A.     <u>Connexion Point was not properly served.</u>

It appears that default was entered in this case without proper service on Connexion Point.  "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."  *Collins v. Waste Mgmt.*, No. 17-2704-SHL-dkv, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S.

411 (2022)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* (quoting *Omni Cap., Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "If service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc.*, 340 F.3d at 353. "When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made." *McGath v. Hamilton Loc. Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) (citing *Neely v. Eshelman*, 507 F. Supp. 78, 80 (E.D. Pa. 1981)).

Service in this case does not comply with the applicable rules. Connexion Point is a limited liability company headquartered in Utah and therefore must be served with process

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). Connexion Point argues that service in this case does not comport with either option.

Service does not appear sufficient under Rule 4(h)(1)(B). The proof of service submitted in this case states that a copy of the summons and complaint was left with receptionist Nora Perez. (ECF No. 16.) Connexion Point submitted a declaration from Perez stating that she is "not and ha[s] never been an officer of Connexion Point, a managing or general agent of Connexion Point, or an agent authorized by appointment or by law to receive service of process on behalf of Connexion Point." (ECF No. 20-1 ¶ 3.) Perez further states that she does not recall receiving a summons or complaint and that, even if the summons and complaint had been delivered to her, she would not have known to forward them to an officer of Connexion Point or

4

the legal department.[5]  (*Id.*)  Based on this information, Perez was not an officer or agent of Connexion Point authorized to accept service, and thus service upon her did not comply with Rule 4(h)(1)(B).

Doss does not challenge that conclusion but instead maintains that Perez's declaration is false, as "she is claiming to be a receptionist when she is in fact an HR Generalist with authority to make decisions, thus qualifying her as a managing agent."  (ECF No. 25, at 2.)  Doss further contends that, in Perez's second declaration, Perez admits that she is "used to doing thing [sic] without supervisor or upper management," which "shows she was authorized to exercise discretion and desi[c]ion pertaining to the daily operation o[f] the company."  (ECF No. 34, at 3.)

Contrary to Doss's assertions, Perez's second declaration makes clear that she does "not have responsibility for or authorization to make employment or business decisions with respect to HR issues."  (ECF No. 32-1, at 2 ¶ 3.)  In providing HR assistance to Connexion Point employees, Perez does not "exercise [her] independent discretion and judgment"; instead, she checks with other departments or her supervisor before, for example, granting employees' requests for leave.  (*Id.* ¶ 4.)  In her role as HR Generalist, Perez sits at Connexion Point's front desk and performs "duties typically associated with those assigned to a receptionist," in addition to her HR duties.  Regardless of her title and the scope of her HR duties, this record establishes that Perez was not an individual authorized to accept service on behalf of Connexion Point under Rule 4(h)(1)(B).

Doss also argues that service on Perez was sufficient because "Perez signed for the summons and complaint (regardless of what she pretended to be)."  (ECF No. 25, at 3.)  "The

---

[5] Perez claims that if she had received the documents, she would have forwarded them to human resources because she knew that the department was monitoring a worker's compensation matter involving Doss.  (*Id.* at 2.)

5

bare fact that an alleged agent actually accepts process for the defendant is not enough to constitute valid service of process. There must be evidence that the defendant intended to confer upon its agent the specific authority to receive and accept service of process for the defendant." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002) (citing 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1097 (3d ed. 2002)). Perez's mere acceptance of service does not render that service proper, and Doss has failed to establish that she properly served Connexion Point under Rule 4(h)(1)(B).

Service on Connexion Point also does not comply with Rule 4(h)(1)(A). That provision cross references Rule 4(e)(1), which allows for service of process by "following state law for serving a summons brought in courts of general jurisdiction in the state where the district court is located or where service is made." As this Court is located in Tennessee and Connexion Point is located in Utah, the service laws of those states apply. Under Tennessee law, a limited liability company located outside of the state, like Connexion Point, can be served with process by any mode of service prescribed by (a) Tennessee Rule of Civil Procedure 4.04 or (b) the law of the state in which service is effected. Tenn. R. Civ. P. 4.05(1)(a), (b). Rule 4.04 provides for service

> by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.

Tenn. R. Civ. P. 4.04(3). Similarly, in Utah, service may be made on a limited liability company

> by delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by appointment or law to receive process and by also mailing a copy of the summons and complaint to the defendant, if the agent is one authorized by statute to receive process and the statute so requires.

Utah R. Civ. P. 4(d)(1)(E). Both of these rules are interpreted similarly to Federal Rule of Civil Procedure 4(h)(1)(B). *See, e.g., Endeavor Metals Grp. LLC v. McKevitz*, No. E2018-01724-

6

COA-R3-CV, 2019 WL 2295961, at *3 (Tenn. Ct. App. May 29, 2019) (applying Tennessee Rule of Civil Procedure 4.04(3) and finding service ineffective when made on an individual who was not an officer, managing agent, partner, agent, or otherwise authorized by law to accept service on behalf of the defendant); *In re Schwenke*, 89 P.3d 117, 124 (Utah 2004) (applying Utah Rule of Civil Procedure 4(d)(1)(E) and finding that service on a receptionist with no authority to accept service on behalf of her employer was ineffective).  Because, as discussed above, Perez is not an officer or managing or general agent of, nor was she authorized to accept service of process on behalf of, Connexion Point, service of process on her was insufficient under Tennessee or Utah law and thus insufficient under Federal Rule of Civil Procedure 4(h)(1)(A).

Connexion Point was not properly served with the summons and complaint, and, therefore, the entry of default should be set aside.

  B. <u>Connexion Point has established good cause for setting aside the entry of default.</u>

Connexion Point has also shown that good cause justifies setting aside the entry of default.  Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default upon a showing of good cause.  The determination of good cause "entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980)).  "When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  Connexion Point has demonstrated that each of the three considerations weighs in its favor, and thus good cause exists for setting aside the entry of default.

7

First, Connexion Point has established that its default was not willful. "When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief." *Waifersong*, 976 F.2d at 292. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

Doss argues that Connexion Point's default was willful because it "time and time again has chosen to ignore duty as well as deadline, procedure, and stipulations." (ECF No. 34, at 6.) Doss asserts that Connexion Point was on notice of the lawsuit due to the process accepted by Perez and that Connexion Point subsequently received a waiver-of-summons form and a copy of the complaint. (ECF No. 25, at 10.)[6] Doss's own submission, however, undermines her notice argument—the waivers she mailed were returned to her as "unclaimed" and "unable to forward." (ECF No. 25, at 32–35.) Moreover, Connexion Point maintains that its "lack of response to the Complaint was due to inadvertent circulation of the summons and complaint to the wrong Connexion Point department." (ECF No. 20-2, at 6–7.) "When the issue is one of whether to set aside an entry of default so that the 'good cause' standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." *Shepard Claims*, 796 F.2d at 194 (quoting *Broglie v.*

---

[6] Doss also argues that even if "proper service was not established Defendant would still have to file a Motion [in] the Court in a timely manner." (ECF No. 25, at 8.) Doss supports her argument with the citations from the California Rules of Civil Procedure (*id.*), which are not applicable in this case.

8

*Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977)). Nothing in the record demonstrates a willful default by Connexion Point.

Second, Doss has not shown prejudice. A plaintiff claiming prejudice from an entry of default being set aside must demonstrate "that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *INVST Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Doss asserts prejudice because Connexion Point is closing or has closed its Memphis office, such that evidence could be lost or become inaccessible; delaying the case could affect her health and cause her to "lose the ability to handle her case Pro se"; and she is "moving out of town next year," which "would affect jurisdiction." (ECF No. 25, at 14–15.)

None of these arguments establish prejudice. Connexion Point's move should not impact the case, as "all physical personnel documents that previously resided in the Company's Memphis, Tennessee office were scanned and electronically preserved at or near the time that office closed." (ECF No. 32-1, at 5 ¶ 3.) As to Doss's health issues, her concerns that delay "could" impact her health are speculative and undefined. Finally, as to her jurisdictional concerns, the events giving rise to this case occurred in this district, and Doss has given no reason that her move from the area would impact this Court's jurisdiction. Doss has therefore failed to demonstrate that she would suffer prejudice if the entry of default is set aside.

Third, Connexion Point has identified a meritorious defense. "A claim or defense is 'meritorious,' if 'there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (quoting *INVST*, 815 F.2d at 398–99). For the claim to be meritorious, a defendant need

9

only advance a defense "good at law." *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011) (quoting *U.S. v. $22,050 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010)).

> [T]he test is not whether a defense is likely to succeed on the merits; rather, the criterion is merely whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. Thus, even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense.

*Id.* (internal citations and quotations omitted).

Connexion Point has advanced defenses that could result in an outcome different than one achieved by an entry of default. For example, Connexion Point argues that Doss has failed to state a claim for which relief can be granted and that "Plaintiff's discharge was based on a legitimate, non-discriminatory, non-retaliatory and non-pretextual reason." (ECF No. 20-2, at 8.) These legal defenses meet the criterion for a meritorious defense. Because Doss argues only as to the merits of these defenses, she has failed to demonstrate that default should not be set aside.

Because Connexion Point has demonstrated both that it was not properly served with process in this case and that good cause exists to set aside the entry of default, the Court recommends that the motion to set aside the entry of default be granted. It is, therefore, further recommended that Doss's motion for default judgment be denied.

## **ORDER**

Doss's motion for disability-related reasonable accommodations is before this Court for disposition. The motion seeks two forms of relief. First, Doss asks the Court to appoint her an attorney. As the Court has already denied one request from Doss for appointment of counsel (ECF No. 8), the Court construes this motion as a request for reconsideration of that denial.

Doss states that she is on medication and suffers from sleep apnea, depression, and anxiety. (ECF No. 31, at 1.) She alleges that her medical conditions have interfered with her

10

ability to "handle her case effectively and efficiently due to anxiety attacks, confusion, fatigue, and brain fog," including her ability to timely respond to motions. (*Id.*) She requests that the Court appoint counsel to assist her with her case and grant her extensions of time to file motions. (*Id.* at 2.) Connexion Point does not oppose a grant of accommodations but notes that Doss has not submitted any documentation of her medical conditions (ECF No. 33, at 1), which Doss asserts Connexion Point is not permitted to request. (ECF No. 37, at 1 (citing 42 U.S.C. § 12112(d)(4).)

Assuming, for purposes of Doss's request for accommodations, that Doss has established that she suffers from the identified medical conditions, she has not demonstrated entitlement to appointment of counsel. As noted in the Court's prior order, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." (ECF No. 8, at 2 (quoting *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003)).) Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (internal quotations omitted). "To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hairston v. Wormuth*, No. 3:22-CV-00111, 2023 WL 2993395, at *2 (M.D. Tenn. Apr. 18, 2023) (quoting *Hollis v. Perry*, No. 3:17-cv-00636, 2018 WL 3572391, at *2 (M.D. Tenn. 2018)) (internal quotations omitted).

Doss has not established the sort of exceptional circumstances that would warrant the appointment of counsel on her behalf. In her first motion to appoint counsel, Doss stated that she "ha[s] anxiety and when under stressful situations I shake, my comprehension is not as good; and I can't hardly express what my point." (*Id.* at 2.) In her second motion for the appointment of counsel, Doss claims that her sleep apnea, depression, and anxiety have interfered with her

11

ability to litigate her case effectively and efficiently, including preventing her from responding to motions timely.  (ECF No. 31, at 1.)  Despite her medical conditions, Doss has demonstrated competence in representing herself through her multiple filings in this case.  (*See* ECF Nos. 17, 19, 23, 24, 29, 34, 35, 36, 37.)  It therefore "does not appear that she is unable to represent herself or that this matter will be too complex for her to handle."  *Dunlap v. Comm'r of Soc. Sec.*, No. 5:18-CV-2275, 2019 WL 3741028, at *1 (N.D. Ohio May 24, 2019) (denying appointment of counsel based on alleged disabilities where the *pro se* plaintiff had filed two different motions to appoint counsel and "a 'letter to support good cause for late filing' containing an articulate explanation of a mistake she made in filing her [social security] appeal one day late").  Moreover, Doss's health issues are not so exceptional as to justify appointment of counsel.  *See Hairston*, 2023 WL 2993395, at *2 ("Hairston's lack of legal knowledge, disability, health issues, and housing challenges are circumstances common to many pro se plaintiffs, most of whom will not be appointed counsel.").  Accordingly, Doss's motion to appoint counsel is DENIED.

Doss's second request is for an extension of time to file motions.  Doss does not identify any particular deadline she seeks to have extended and seems to generally rely on her disabilities and difficulty in filing responses on time, as discussed above.  Due to the nonspecific nature of Doss's request, it is DENIED without prejudice.  As the case progresses, should Doss require additional time to take any action required in this case, she may file a motion for extension of that particular deadline, after consultation with counsel for Connexion Point as required by Local Rule 7.2(a)(1)(B).  Any such motion should identify the deadline Doss seeks to extend, the reasons for the request, and the length of the extension requested.

## **CONCLUSION**

For the foregoing reasons, this Court RECOMMENDS that Doss's motion for default judgment be denied and Connexion Point's motion to set aside the entry of default be granted. The Court further denies Doss's motion for accommodations.

Respectfully submitted this 12th day of February, 2024.

        s/Annie T. Christoff
        ANNIE T. CHRISTOFF
        UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.