IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BARBARA DOSS,

    Plaintiff,

v.                                                         Case No. 2:21-cv-2756-MSN-atc
                                                          JURY DEMAND

CONNEXION POINT, LLC,

    Defendant.

---

**ORDER SUSTAINING PLAINTIFF'S OBJECTION ABOUT FILING PROOF OF SERVICE AND OVERRULING ALL OTHER OBJECTIONS (ECF No. 44), ADOPTING REPORT AND RECOMMENDATION (ECF No. 38), GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT (ECF No. 20), AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 19)**

---

Before the Court is the Magistrate Judge's Report and Recommendation to Grant Motion to Set Aside Entry of Default and Deny Motion for Default Judgment entered April 12, 2024 (ECF No. 38, "Report"). The Report recommends that Defendant's Motion to Set Aside Entry of Default (ECF No. 20) be granted, and Plaintiff's Motion for Default Judgment (ECF No. 19) be denied. Plaintiff moved the Court for an extension of time to file objections to the Report until April 1, 2024, which this Court granted. (*See* ECF Nos. 39, 40, 43.) Plaintiff did not file objections, however, until two days later, on April 3, 2024. (ECF No. 44.) Defendant timely responded to Plaintiff's objections on April 17, 2024.

## BACKGROUND

This is an employment discrimination matter. Plaintiff filed her *pro se* Complaint using the Court-provided form on December 6, 2021. (ECF No. 1.) The initial summons listed

Defendant's address for service as 1769 Paragon Place, Memphis, Tennessee, and was returned unexecuted. Plaintiff then moved for an alias summons to be issued using the address for Defendant's headquarters in Utah. That motion was granted, and the United States Marshals Service ("USMS") was directed to effect service of the summons and complaint. The alias summons was returned executed as of November 17, 2022, as shown below:



(ECF No. 16.)

A little over five months later, on April 25, 2023, Plaintiff moved for the Clerk to enter default against Defendant, which the Clerk did that same day. (*See* ECF Nos. 17 & 18.) Approximately three minutes after the Clerk's Entry of Default was entered on the docket, Plaintiff filed her Motion for Default Judgment (ECF No. 19).

About four months later, on August 28, 2023, Defendant filed its Motion to Set Aside Entry of Default and responded in opposition to Plaintiff's Motion for Default Judgment. (ECF Nos. 20 & 21.) In support of its Motion to Set Aside Entry of Default, Defendant submitted a Memorandum of Law (ECF No. 20-2) and a Declaration from Nora Perez (ECF No. 20-1). In her Declaration, Ms. Perez avers that she is not now, nor has she ever been, an officer of, a managing or general agent of, or an agent authorized by appointment or law to receive service of process on behalf of

Defendant. She also states that she's never received any legal training and doesn't recall receiving the summons and complaint. She says that if the summons and complaint were delivered to her, she would have forwarded them to the human resources department ("HR") because she knew HR was monitoring a worker's compensation matter involving Plaintiff.

Plaintiff filed three documents as separate responses in opposition to Ms. Perez's Declaration (ECF No. 23), Defendant's Motion to Set Aside the Entry of Default (ECF No. 24), and Defendant's Memorandum of Law in Support of Its Motion to Set Aside the Entry of Default (ECF No. 25). Plaintiff asserts a litany of objections to Ms. Perez's Declaration, including that Ms. Perez is not credible for a variety of reasons, that Ms. Perez "interfered with process service when she signed the receipt process as a receptionist" because Ms. Perez is not a receptionist but an "HR Generalist," and that Ms. Perez did not claim to have personal knowledge of why Defendant defaulted in this matter.

With permission, Defendant filed a single consolidated reply to Plaintiff's three filings (ECF No. 32). With its reply, Defendant submitted a Second Declaration from Nora Perez and a Declaration from Christie Hulet (ECF No. 32-1).

Then, without leave, Plaintiff filed three more documents in which she responded separately to Defendant's reply (ECF No. 34), the Second Declaration of Nora Perez (ECF No. 35), and the Declaration of Christie Holt (ECF No. 36).

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he

district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**PRELIMINARY MATTER**

As a preliminary matter, Plaintiff's objections were untimely. Because of this, Plaintiff has forfeited *de novo* review of the Report. *See, e.g., Sobolewski v. Ford Motor Co.*, No. 1:21-CV-0089, 2022 WL 1124782, at *1 (N.D. Ohio Apr. 15, 2022); *see also Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *Jones v. Warden, Ross Corr. Inst.*, No. 2:11-CV-0871, 2013 WL 6230365, at *2 (S.D. Ohio Dec. 2, 2013). Despite the forfeiture, the Court will still consider the merits of Plaintiff's objections.

**DISCUSSION**

For purposes of organization only, the Court discusses Plaintiff's objections in terms of three categories. First, objections related to the issue of whether Defendant was properly served. Second, objections related to the issue of whether Defendant has shown good cause for setting aside the entry of default. Third, miscellaneous objections not specifically related to the service or good cause issues.

**A.      Service on Defendant**

First, Plaintiff objects to the Magistrate Judge's proposed finding of fact that she filed the proof of service of the executed alias summons (ECF No. 16); she says that the proof of service was filed by the USMS on her behalf. (ECF No. 44 at PageID 217.) Because Plaintiff is proceeding *pro se* and was granted leave to proceed *in forma pauperis*, Local Rule 4.1(b)(2) provides that process is to be served by the USMS in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). After delivering the summons and complaint, the USMS returned the executed summons to the Clerk's office, and the Clerk's office then docketed the executed summons in this matter on Plaintiff's behalf. The Court finds this objection well taken,

5

and it is **SUSTAINED**. However, this does not affect the analysis the Report's conclusion that Defendant was not properly served.

Second, Plaintiff objects to the Report's conclusion that Defendant was not properly served. She primarily takes issue with the two Declarations from Nora Perez and the Magistrate Judge's reliance on them. She asserts that the Magistrate Judge did not consider all her objections to the Declarations from Nora Perez; that Nora Perez gave incorrect information to the Marshal when he attempted to serve Defendant, which Plaintiff says shows "malice intent"; that Nora Perez qualifies as a managing agent; and that the Declaration and Second Declaration were inadmissible because they did not state "knowledge of the claim," "did not validate the claim made by the Attorney of the Defendant," did not state facts, and were contradictory. (ECF No. 44 at PageID 219–20.) Plaintiff also objects to the Report's conclusion that service did not comply with Rule 4(h)(1)(B). (*Id.* at PageID 219.)

After a *de novo* review[1] of the record, the Court finds that Plaintiff's objections are unsupported. There is nothing in the record indicating that Ms. Perez lied to the Marshal that served the summons and complaint. Nor does the law that Plaintiff cites support her contention that Ms. Perez interfered with service. Plaintiff's accusations that Ms. Perez and Defendant are attempting to mislead the Court are without support. The Court finds Ms. Perez's two Declarations to be credible. Based on those statements and the overall record in this matter, the Court finds that Ms. Perez is not an officer of Defendant,[2] a managing or general agent of Defendant, nor any other

---

[1] Plaintiff's objections related to service merely reiterate the same arguments that she made to the Magistrate Judge. For this reason, the Court could have reviewed the Report's findings and conclusions for clear error.

[2] In her response to the first Declaration of Nora Perez, Plaintiff stated she "agrees with Nora Perez's statement of not being an Office of Connexion Point." (ECF No. 23 at PageID 94.)

agent authorized by appointment or law to accept service of process for Defendant. For this reason, delivering a copy of the summons and complaint to Ms. Perez was insufficient to serve Defendant under Rule 4(h)(1)(A) or Rule 4(h)(1)(B).

Plaintiff's objections are therefore **OVERRULED**, and the Court **ADOPTS** the Report's proposed findings of fact and conclusions of law on the issue of service.

B.     <u>**Good Cause to Set Aside the Default under Federal Rule of Civil Procedure 55(c)**</u>

Plaintiff also objects to the Report's conclusion that Defendant has shown good cause for setting aside the entry of default. First, Plaintiff generally objects, arguing that Defendant did not show "good cause which excuses the default because the Defendant did not show good cause for the delay in replying to the complaint and to state their ground that serve [sic] was improper and/or reply with answer." (ECF No. 44 at PageID 218.) Second, Plaintiff objects that the Magistrate Judge "failed to address all of Plaintiff's objection to Defendant's Motion to Set Aside the Entry of Default." (*Id.*; *see also id.* at PageID 219.) Third, Plaintiff objects to the Report's conclusion that she has not shown prejudice. (*Id.* at PageID 220.) For the reasons explained below, after a *de novo* review,[3] the Court finds Plaintiff's objections to be meritless.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986); *SEC v. Merkilinger*, 489 F. App'x 937, 939 (6th Cir. 2012) (noting that "the district court enjoys considerable latitude to grant a defendant relief from a default entry"). Sixth Circuit case law on Rule 55(c) motions to set aside entries of

---

[3] Plaintiff's objections related to good cause to set aside the entry of default merely reiterate the same arguments that she made to the Magistrate Judge. For this reason, the Court could have reviewed the Report's findings and conclusions for clear error.

7

default is "extremely forgiving to the defaulted party and favor[s] a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (collecting cases). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits," *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983), and the court must "construe all ambiguous or disputed facts in the light most favorable to the defendant, resolving any doubts in his favor." *Deasault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)) (cleaned up).

Courts consider the following three factors to determine whether good cause exists under Rule 55(c): (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has any meritorious defenses, and (3) whether the plaintiff will be prejudiced by setting aside the default. *See Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006) (citation omitted); *United Coin Meter Co.*, 705 F.2d at 844. Of these, "prejudice to the plaintiff and the presence of a meritorious defense are the two most important considerations." *$22,050.00 U.S. Currency*, 595 F.3d at 324–25. Therefore, when there is no prejudice to the plaintiff and the defendant has a meritorious defense, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* (quoting *Shepard Claims Serv., Inc.*, 796 F.2d at 194). The Court addresses each factor below, and because the Sixth Circuit has made "clear that prejudice to the plaintiff and the presence of a meritorious defense are the two most important considerations," *$22,050.00 U.S. Currency*, 595 F.3d at 324–25, the Court addresses those factors first.

8

1.      Prejudice to Plaintiff

Setting aside a default may be prejudicial to the plaintiff when it results in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996) (citing *INVST Fin. Grp.*, 815 F.2d at 398).  Delay alone is insufficient to show prejudice. *Id.*

Plaintiff argues that setting aside the entry of default would prejudice her for the following reasons:

> (1) Defendant has a history of ignoring and delaying process; therefore, Plaintiff's [sic] would continue to endure only more intentional delays.
>
> (2) Loss of evidence due to Defendant closing the office in the Memphis documentation would not be accessible.
>
> (3) Extending or delaying the case could affect the Plaintiff's suffering from stress and mental, emotional anxiety sustained at Connexion Point since 2019 would interfere with Plaintiff's ability to continue handling case Pro se.
>
> (4) Plaintiff will suffer prejudice if the default is set aside, as the Plaintiff has invested substantial time and resources in pursuing this action and obtaining the default judgment.

(ECF No. 24 at PageID 100; ECF No. 25 at PageID 117–18.)  Plaintiff also alleges she would suffer prejudice because she plans to move out of town next year, which "would affect jurisdiction."  (ECF No. 25 at PageID 118.)

First, although Defendant's Memphis location has closed, Plaintiff has not shown that setting the default aside will prejudice her because of the closure.  Documents and records stored at the Memphis location have been electronically preserved, so there is no risk that Plaintiff could be prejudiced by a loss of evidence due to the office's closure.  Further, Plaintiff has not shown that the closure would cause increased difficulties with discovery.  It's unclear where Plaintiff is moving, but any such move would not affect this Court's jurisdiction.  Plaintiff's claims arise under

9

Title VII and the ADA, and the Court therefore has jurisdiction under 28 U.S.C. § 1331, which does not depend on a party's citizenship. Venue is also appropriate in the Western District of Tennessee because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). Finally, although setting the default aside may cause Plaintiff additional stress, Plaintiff has not shown that it would cause her tangible prejudice. This factor thus favors setting the default aside.

        2.      <u>Defendant's Meritorious Defenses</u>

A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006). The "likelihood of success is irrelevant." *$22,050.00 U.S. Currency*, 595 F.3d at 326 (citing *INVST Fin. Grp*, 815 F.2d at 399). Rather, "a defense is meritorious if it is 'good at law,' regardless of whether the defense is actually likely to succeed on the merits." *Id.* (citing *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). Nor must a defense "be supported by detailed factual allegations to be deemed meritorious; all that is needed is a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id.* at 326 (cleaned up) (*quoting INVST Fin. Grp.*, 815 F.2d at 399).

Defendant asserts it has meritorious defenses, including that Plaintiff was terminated for "a legitimate, non-discriminatory, non-retaliatory and non-pretextual reason." (ECF No. 20-2 at PageID 88.) Specifically, Defendant says that "Plaintiff, who was employed as a call center operator, was terminated for work avoidance and stealing time." (*Id.*) Plaintiff argues that this defense is not meritorious because it is "conclusory," and Defendant did not "attach any payroll records, time sheets, or other documents to corroborate its defense." (ECF No. 25 at PageID 116; ECF No. 24 at PageID 100.) But the defense is not a conclusory, general denial; it is a specific

10

reason for Plaintiff's termination. And at this point, Defendant need not provide documents or other evidence in support of its defense—it must show only "a hint of a suggestion which, proven at trial, would constitute a complete defense." *22,050.00 U.S. Currency*, 595 F.3d at 326. It has done so. This factor weighs in favor of setting the default aside.

3. Defendant's Culpability

Rule 55(c) sets a high bar for culpable conduct: "mere negligence or failure to act reasonably is not enough," and the moving party's reason for the delay does not necessarily need to be "excusable." *$22,050.00 U.S. Currency*, 595 F.3d at 327. Instead, for conduct to be culpable, it "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996)).

Nothing in the record suggests that Defendant acted with "an intent to thwart" these proceedings or with "a reckless disregard for the effect of its conduct" on these proceedings. As the Court stated above, Plaintiff's accusations that Ms. Perez lied to the Marshals or lied in her two Declarations are unfounded. Even if Ms. Perez's actions were unreasonable or negligent, that is not enough to satisfy Rule 55(c)'s stringent test for culpable conduct. This factor weighs in favor of setting aside the entry of default.

For the reasons set forth above, all three factors above weigh in favor of the Court finding that there is good cause and setting aside the entry of default. Plaintiff's objections are therefore **OVERRULED**, and the Court **ADOPTS** the Report's findings of fact and conclusions of law on the issue of good cause under Rule 55(c).

C.    **Miscellaneous Matters**

Finally, Plaintiff has made several objections about miscellaneous matters that are not directly related to whether Defendant was properly served or showed good cause for setting aside the entry of default.

First, Plaintiff appears to object to the Magistrate Judge's conclusion that even if Defendant did not adequately consult with Plaintiff about Defendant's Motion to Set Aside Default, as required by Local Rule 7.2(a)(1)(B), further consultation was not likely to be fruitful, so the Magistrate Judge went ahead with considering Defendant's Motion to Set Aside Default. Plaintiff argues that (1) the Magistrate Judge's decision was not based on "Statute, Laws, Policy and Procedures," (2) the lack of consultation was not the only grounds Plaintiff asserted in opposition to Defendant's Motion to Set Aside Default and "during [sic] so denies the Plaintiff of her right to address all relevant fact of my case pursuant to rules and regulations," (3) because the Magistrate Judge did not address all of Plaintiff's objections to Defendant's Motion to Set Aside Default, it creates an appearance of partiality, and "the laws are not being up held fairly." (ECF No. 44 at PageID 216–17.)

The Magistrate Judge's consideration of the motions in this matter was in accordance with 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Local Rules. Plaintiff does not specify what statute, law, policy, or procedure the Magistrate Judge failed to follow when she proceeded to consider Defendant's motion. The Magistrate Judge considered Defendant's Motion to Set Aside Entry of Default only after Plaintiff filed an untimely response and unauthorized sur-reply in opposition to Defendant's motion. The Magistrate Judge considered Plaintiff's untimely response and unauthorized sur-reply, even though the Magistrate Judge could have considered Defendant's motion as unopposed. Further, even if Defendant's counsel did not consult Plaintiff

12

before filing the motion, the Magistrate Judge gave Plaintiff ample opportunity to present facts and arguments in opposition to Defendant's motion.  Finally, Plaintiff does not specify what arguments the Magistrate Judge failed to consider.  Plaintiff's response and sur-reply consisted of six documents, with several arguments restated throughout.  On review, it's not clear to this Court what arguments Plaintiff believes the Magistrate Judge failed to consider, and Plaintiff's allegations that the Magistrate Judge's failure to do so "creates an appearance of partiality," or that "the laws are not being up held fairly" are baseless.  Plaintiff's objection is **OVERRULED**.

Second, Plaintiff objects to the characterization of her complaint as asserting claims for discrimination based on race, disability discrimination for failure to accommodate, retaliation, and terminating her employment.  Plaintiff alleges that this is incorrect; she says that the Magistrate Judge misunderstood her and is going by what Defendant's counsel said about Plaintiff's claim. (ECF No. 44 at PageID 217.)  Plaintiff, however, does not specify what was incorrect about this characterization of her claims, nor does she clarify what her claims are.

The Court has reviewed Plaintiff's complaint, and the Report's descriptions of her claims is consistent with the complaint.  Specifically, on the form complaint Plaintiff used, she checked the boxes for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") as shown below:

13

1. This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

    [X] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
    *NOTE: In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

    [ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102 -166)
    *NOTE: In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

    [X] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
    *NOTE: In order to bring a suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

(ECF No. 1 at PageID 1.) It is also consistent with the discriminatory conduct she alleged in the complaint when she marked "termination of my employment," "failure to accommodate my disability," "retaliation," and "other acts" with "discrimination" written in the provided blank:

6. The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

    [ ] Failure to hire

    [X] Termination of my employment

    [ ] Failure to promote

    [X] Failure to accommodate my disability

    [ ] Unequal terms and conditions of my employment

    [X] Retaliation

    [X] Other acts *(specify):* Discrimination

14

(*Id.* at PageID 3.) Similarly, Plaintiff again provided in her complaint that Defendant's discrimination was based on "Disability; Race (Black)":

> 9. Defendant(s) discriminated against me based on my: Diability, Race (Black) (check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)
>
> [X] Race Black
> [ ] Color
> [ ] Gender/Sex
> [ ] Religion
> [ ] National Origin
> [X] Disability Cervical injuries, lumbar, Depression & Anxiety, Torn Meniscus, Carpal Tunnel, under doctor's care since 4-2019 and presently
> [ ] Age. If age is checked, answer the following: I was born in_____. At the time(s) defendant(s) discriminated against me.
> I was [ ] more [ ] less than 40 years old. (check one)

(*Id.* at PageID 4.)

In her response in opposition to Defendant's Motion to Set Aside Entry of Default, Plaintiff states that she made claims against Defendant for "breach of contract, fraud, and violation of disability discrimination, retaliation, ADA Title VII, and FMLA laws," and cites her complaint, pages 2-4, and the continuation of her complaint. (ECF No. 25 at PageID 107.) In the "Continuation of Complaint," Plaintiff asserts that Defendant violated "Title VII of the Civil Rights Act of 1964 by blocking me from taking FMLA," which, liberally construed, could suggest a claim for FMLA interference. (ECF No. 1 at PageID 7.) But the context also suggests that Plaintiff made this factual assertion in support of her Title VII race discrimination claim because the next paragraph alleges that Defendant showed "retaliation and racial bias" when it completed

15

"FMLA paperwork for a Philippian coworker without her request." (ECF No. 1 at PageID 7.) However, there are no factual allegations that suggest Plaintiff is making breach of contract and fraud claims. *Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," but the "court cannot create a claim which a plaintiff has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). Even assuming Plaintiff has alleged a claim for FMLA interference, that does not change the analysis above about whether Defendant was properly served or has shown good cause for setting the default aside. For this reason, Plaintiff's objection is **OVERRULED**.

Finally, Plaintiff objects that the Magistrate Judge has "not made reasonable accommodations to ensure that I as a pro se litigant have my case heard fairly." (ECF No. 44 at PageID 218.) Plaintiff has not identified what accommodations she thinks should have been granted. Notably, the Magistrate Judge has given Plaintiff significant leeway; the Magistrate Judge considered Plaintiff's untimely response to Defendant's motion and Plaintiff's unauthorized sur-reply, even though she had discretion not to. The Magistrate Judge has also considered Plaintiff's multiple filings, even though they fail to comply with the Local Rules. To the extent Plaintiff is appealing the denial of her motion to appoint counsel, the Court has reviewed the Magistrate Judge's order, and it is not "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Curran v. Wepfer Marine, Inc.*, No. 1:20-CV-1229-STA-JAY, 2021 WL 1566081, at *1 (W.D. Tenn. Apr. 21, 2021). Further, to the extent Plaintiff sought unspecified extensions of time, the Magistrate Judge stated that Plaintiff could move for extensions of time as needed for any future deadlines. This objection is therefore **OVERRULED**.

16

## CONCLUSION

As set forth above, Plaintiff's objection that she did not file the proof of service (ECF No. 16) for the alias summons is **SUSTAINED**. All of Plaintiff's other objections are **OVERRULED**. With the exception of the finding of fact about who filed the proof of service (ECF No. 16), the Court **ADOPTS** the findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation to Grant Motion to Set Aside Entry of Default and Deny Motion for Default Judgment entered April 12, 2024 (ECF No. 38). Plaintiff's Motion for Default Judgment (ECF No. 19) is **DENIED**. Defendant's Motion to Set Aside Entry of Default (ECF No. 20) is **GRANTED**, and the Clerk's Entry of Default (ECF No. 18) is **SET ASIDE**.

**IT IS SO ORDERED**, this 5th day of June, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE